**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| AARON SELPH, | ) | |
| Plaintiff, | ) | |
| | ) | 06 C 4090 |
| vs. | ) | |
| | ) | Judge Andersen |
| BRUNO-CUSAMANO-MONTESI-TATAGLIA- | ) | |
| PALMINA-CAPONE & ASSOCIATES, LLC, | ) | Magistrate Judge Denlow |
| Defendant. | ) | |

**PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT AND AWARD OF DAMAGES**

On January 25, 2007, the Court granted Plaintiff's Motion for Entry of Default, as defendant was failed to answer or otherwise plead by August 17, 2006. Pursuant to this Court's order of January 25, 2007 (see <u>Appendix A</u>), plaintiff respectfully requests that final judgment be entered against defendant, and in favor of plaintiff in the amount of $1,000.00 plus attorney's fees and costs in the amount of $3,774.46. In support of his motion, plaintiff states as follows:

1. On July 27, 2006, plaintiff filed a complaint against defendant, alleging that defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. Plaintiff specifically alleged that defendant violated 15 U.S.C. § 1692g by sending a collection letter that failed to provide the mandatory disclosures set forth in that section, and that demanded payment within fifteen days, without explaining the debtor's right to dispute the debt within thirty days pursuant to the FDCPA. *Bartlett v. Heibl*, 128 F.3d 497 (7th Cir. 1997). Plaintiff also alleged that defendant violated 15 U.S.C §§ 1692d and 1692f by making ominous and unspecified threats, such as "You can run but you can't hide." In addition, the name of defendant's collection agency was clearly designed to intimidate and threaten by using the names of notorious members of the Mob.

2.    As stated above, defendant has been found to be in default, admitting the allegations.

3.    Under 15 U.S.C. § 1692k(a)(2)(A), an individual plaintiff can receive as statutory damages a maximum of $1,000.00. A person who is successful on a FDCPA claim can also be awarded actual damages suffered on account of a violation should he or she prevail on a FDCPA claim; however, plaintiff did not allege that he suffered actual damages.

4.    The letter sent by defendant omitted the required disclosures of a debtor's right to dispute the debt and how to obtain information regarding the debt. Plaintiff requests that he be awarded the maximum $1,000.00 damage award. Plaintiff believes that the failure to provide these disclosures, coupled with the threatening nature of the letter, supports an award of the maximum statutory damages and requests that the Court enter judgment in that amount.

5.    15 U.S.C. § 1692k(a)(3) also provides for the award of attorney's fees and costs if a plaintiff prevails on his or her claim.

6.    Plaintiff also seeks an award of $3,309.00 in attorney's fees and $465.46 in costs of suit. Plaintiff believes that the fees and costs sought are reasonable, and has attached as Appendix B the Declaration of Daniel A. Edelman in support of his request, including a detailed statement of his counsel's time and expenses incurred in this case.

7.    This case has not received any publicity such that a putative class member would be misled into believing that his rights were being prosecuted in this action. Since no class was ever certified, notice was not issued and the class members would have no reason to rely upon this litigation. .

WHEREFORE, plaintiff respectfully requests that judgment be entered in favor of

plaintiff and against defendant, in the amount of $1,000.00 to plaintiff in statutory damages, and

$3,774.46 in  attorney's fees and costs awarded to plaintiff.  A draft order is attached hereto as

Appendix C.

Respectfully submitted,


s/Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## CERTIFICATE OF SERVICE

I, Daniel A. Edelman, hereby certify that on February 2, 2007, the foregoing document was served by facsimile and Certified U.S. Mail to:

R. Bruno
15701 Warbler Place
Tampa, FL 33624
813-962-7286 (fax)


s/ Daniel A. Edelman
Daniel A. Edelman

# APPENDIX A

# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois − CM/ECF LIVE, Ver 3.0
### Eastern Division

Aaron Selph

                                                    Plaintiff,

v.                                                  Case No.:
                                                    1:06−cv−04090
                                                    Honorable Wayne
                                                    R. Andersen

Bruno−Cusamano−Montesi−Tataglia−Palmina−Capone &
Associates, LLC
                                                    Defendant.

---

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Thursday, January 25, 2007:

      MINUTE entry before Judge Wayne R. Andersen :Plaintiff's motion for entry of default [15] is granted. Prove up set for 2/8/2007 at 09:00 AM.Mailed notice(tsa, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.

# APPENDIX B

AARON SELPH,                           )
                    Plaintiff,         )
                                       )       06 C 4090
        vs.                            )
                                       )       Judge Andersen
BRUNO-CUSAMANO-MONTESI-TATAGLIA-       )
PALMINA-CAPONE & ASSOCIATES, LLC,      )       Magistrate Judge Denlow
                    Defendant.         )

## DECLARATION OF DANIEL A. EDELMAN

Daniel A. Edelman declares under penalty of perjury, as provided for by the laws of the United States (28 U.S.C. §1746), that the following statements are true:

1.      Edelman, Combs, Latturner & Goodwin, LLC, has 5 principals, Daniel A. Edelman, Cathleen M. Combs, James O. Latturner, Tara L. Goodwin, and Michelle R. Teggelaar and 9 associates.

2.      **Daniel A. Edelman** is a 1976 graduate of the University of Chicago Law School. From 1976 to 1981 he was an associate at the Chicago office of Kirkland & Ellis with heavy involvement in the defense of consumer class action litigation (such as the General Motors Engine Interchange cases). In 1981 he became an associate at Reuben & Proctor, a medium-sized firm formed by some former Kirkland & Ellis lawyers, and was made a partner there in 1982. From the end of 1985 he has been in private practice in downtown Chicago. Virtually all of his practice involves litigation on behalf of consumers, mostly through class actions. He is the co-author of Rosmarin & Edelman, <u>Consumer Class Action Manual</u> (2d-4th editions, National Consumer Law Center 1990, 1995 and 1999); author of <u>Payday Loans: Big Interest Rates and Little Regulation</u>, 11 Loy.Consumer L.Rptr. 174 (1999); author of <u>Consumer Fraud and Insurance Claims</u>, in Bad Faith and Extracontractual Damage Claims in Insurance Litigation, Chicago Bar Ass'n 1992; co-author of Chapter 8, "Fair Debt Collection Practices Act," <u>Ohio Consumer Law</u> (1995 ed.); co-author of <u>Fair Debt Collection: The Need for Private Enforcement</u>, 7 Loy.Consumer L.Rptr. 89 (1995); author of <u>An Overview of The Fair Debt Collection Practices Act</u>, in Financial Services Litigation, Practicing Law Institute (1999); co-author of <u>Residential Mortgage Litigation</u>, in Financial Services Litigation, Practicing Law Institute (1996); author of <u>Automobile Leasing: Problems and Solutions</u>, 7 Loy.Consumer L.Rptr. 14 (1994); author of <u>Current Trends in Residential Mortgage Litigation</u>, 12 Rev. of Banking & Financial Services 71 (April 24, 1996); author of <u>Applicability of Illinois Consumer Fraud Act in Favor of Out-of-State Consumers</u>, 8 Loy.Consumer L.Rptr. 27 (1996); co-author of <u>Illinois Consumer Law</u> (Chicago Bar Ass'n 1996); co-author of D. Edelman and M. A.

1

Weinberg, Attorney Liability Under the Fair Debt Collection Practices Act (Chicago Bar Ass'n 1996); author of The Fair Debt Collection Practices Act: Recent Developments, 8 Loy. Consumer L. Rptr. 303 (1996); author of Second Mortgage Frauds, Nat'l Consumer Rights Litigation Conference 67 (Oct. 19-20, 1992); and author of Compulsory Arbitration of Consumer Disputes, Nat'l Consumer Rights Litigation Conference 54, 67 (1994). He is a member of the Illinois bar and admitted to practice in the following courts: United States Supreme Court, Seventh Circuit Court of Appeals, First Circuit Court of Appeals, Second Circuit Court of Appeals, Third Circuit Court of Appeals, Fifth Circuit Court of Appeals, Eighth Circuit Court of Appeals, Ninth Circuit Court of Appeals, Tenth Circuit Court of Appeals, Eleventh Circuit Court of Appeals, United States District Courts for the Northern and Southern Districts of Indiana, United States District Courts for the Northern, Central, and Southern Districts of Illinois, United States District Court for the District of Arizona, United States District Court for the District of Connecticut, and the Supreme Court of Illinois. He is a member of the Northern District of Illinois trial bar.

3.    **Cathleen M. Combs** is a 1976 graduate of Loyola University Law School. She formerly supervised the Northwest office of the Legal Assistance Foundation of Chicago, where she was lead or co-counsel in class actions in the areas of unemployment compensation, prison law, social security law, and consumer law. She joined what is now Edelman, Combs & Latturner in early 1991. Decisions in which she was involved prior to joining the firm include: Johnson v. Heckler, 607 F.Supp. 875 (N.D.Ill. 1984), and 100 F.R.D. 70 (N.D. Ill. 1983); Sanders v. Shephard, 185 Ill.App.3d 719, 541 N.E.2d 1150 (1st Dist. 1989); Maller v. Cohen, 176 Ill.App.3d 987, 531 N.E.2d 1029 (1st Dist. 1988); Wright v. Department of Labor, 166 Ill.App.3d 438, 519 N.E.2d 1054 (1st Dist. 1988); Barron v. Ward, 165 Ill.App.3d 653, 517 N.E.2d 591 (1st Dist. 1987); City of Chicago v. Leviton, 137 Ill.App.3d 126, 484 N.E.2d 438 (1st Dist. 1985); Jude v. Morrissey, 117 Ill.App.3d 782, 454 N.E.2d 24 (1st Dist. 1983). She is a member of the Northern District of Illinois trial bar.

4.    **James O. Latturner** is a 1962 graduate of the University of Chicago Law School. Until 1969, he was an associate and then a partner at the Chicago law firm of Berchem, Schwanes & Thuma. From 1969 to 1995 he was Deputy Director of the Legal Assistance Foundation of Chicago, where he specialized in consumer law, including acting as lead counsel in over 30 class actions. His publications include Chapter 8 ("Defendants") in Federal Practice Manual for Legal Services Attorneys (M. Masinter, Ed., National Legal Aid and Defender Association 1989); Governmental Tort Immunity in Illinois, 55 Ill.B.J. 29 (1966); Illinois Should Explicitly Adopt the Per Se Rule for Consumer Fraud Act Violations, 2 Loy. Consumer L.Rep. 64 (1990), and Illinois Consumer Law (Chicago Bar Ass'n 1996). He has taught in a nationwide series of 18 Federal Practice courses sponsored by the Legal Services Corporation, each lasting four days and designed for attorneys with federal litigation experience. He has argued some 30 appeals, including two cases in the United States Supreme Court and two in the Illinois Supreme Court. Mr. Latturner was involved in many of the significant decisions establishing the rights of Illinois consumers. He is a member of the Northern District of Illinois trial bar.

5.    **Tara L. Goodwin** is a graduate of the University of Chicago (B.A., with

general honors, 1988)and Illinois Institute of Technology, Chicago-Kent College of Law (J.D., with high honors,1991). She has been with the firm since her graduation and has participated in many of the cases described below. **Reported Cases.** Williams v. Chartwell Financial Services, LTD, 204 F.3d 748 (7th Cir. 2000); Hillenbrand v. Meyer Medical Group, 682 N.E.2d 101 (Ill.1st Dist. 1997), 720 N.E.2d 287 (Ill.1st Dist. 1999); Bessette v. Avco Fin. Servs., 230 F.3d 439 (1st Cir. 2000); Large v. Conseco Fin. Servicing Co., 292 F.3d 49 (1st Cir. 2002);; Carbajal v. Capital One, 219 F.R.D. 437 (N.D.Ill. 2004); Russo v. B&B Catering, 209 F.Supp.2d 857 (N.D.IL 2002); Garcia v. Village of Bensenville, 2002 U.S.Dist. LEXIS 3803 (N.D.Ill.); Romaker v. Crossland Mtg. Co., 1996 U.S.Dist. LEXIS 6490 (N.D.IL); Mount v. LaSalle Bank Lake View, 926 F.Supp. 759 (N.D.Ill 1996). She is a member of the Northern District of Illinois trial bar.

      6.    **Michelle R. Teggelaar** is a graduate of the University of Illinois (B.A., 1993) and Chicago-Kent College of Law, Illinois Institute of Technology (J.D., with honors, 1997). **Reported Cases:** Johnson v. Revenue Management, Inc., 169 F.3d 1057 (7th Cir.1999); Coelho v. Park Ridge Oldsmobile, Inc., 247 F. Supp. 2d 1004 (N.D. Ill. 2003); Dominguez v. Alliance Mtge., Co., 226 F. Supp. 2d 907 (N.D. Ill. 2002); Watson v. CBSK Financial Group, Inc., 197 F. Supp. 2d 1118 (N.D. Ill. 2002); Van Jackson v. Check 'N Go of Illinois, Inc 123 F. Supp. 2d 1085 (N.D. Ill. 2000), Van Jackson v. Check 'N Go of Illinois, Inc., 123 F. Supp. 2d 1079, Van Jackson v. Check 'N Go of Illinois, Inc., 114 F. Supp. 2d 731 (N.D. Ill. 2000); Van Jackson v. Check 'N Go of Illinois, Inc., 193 F.R.D. 544 (N.D. Ill. 2000); Vines v. Sands, 188 F.R.D. 302 (N.D. Ill. 1999); Veillard v. Mednick, 24 F. Supp. 2d 863 (N.D. Ill.1998); Sledge v. Sands, 182 F.R.D. 255 (N.D. Ill. 1998), Vines v. Sands, 188 F.R.D. 203 (N.D. Ill. 1999), Livingston v. Fast Cash USA, Inc., 753 N.E.2d 572 (Ind. 2001); Carroll v. Butterfield Heath Care, Inc., 2003 WL 22462604 (N.D. Ill. 2003); Payton v. New Century Mtge., Inc., 2003 WL 22349118 (N.D. Ill. 2003); Seidat v. Allied Interstate, Inc., 2003 WL 2146825 (N.D. Ill. 2003) (Report and Recommendation); Michalowski v. Flagstar Bank, FSB, 2002 WL 112905 (N.D. Ill. 2002); Bigalke v. Creditrust Corp., 2001 WL 1098047 (N.D. Ill 2001) (Report and Recommendation); Donnelly v. Illini Cash Advance, 2000 WL 1161076 (N.D. Ill. 2000); Mitchem v. Paycheck Advance Express, 2000 WL 419992 (N.D. Ill 2000); Pinkett v. Moolah Loan Co., 1999 WL 1080596 (N.D. Ill. 1999); Farley v. Diversified Collection Serv., 1999 WL 965496 (N.D. Ill. 1999); Davis v. Commercial Check Control, 1999 WL 965496 (N.D. Ill. 1999); Sledge v. Sands, 1999 WL 261745 (N.D. Ill. 1999); Slater v. Credit Sciences, Inc., 1998 WL 341631 (N.D. Ill. 1998); Slater v. Credit Sciences, Inc., 1998 WL 299803 (N.D. Ill. 1998).

    7.    **Associates**

      a.    **Francis R. Greene** is a graduate of Johns Hopkins University (B.A., with honors, May 1984), Rutgers University (Ph.D., October 1991), and Northwestern University Law School (J.D., 2000). **Reported Cases:** Johnson v. Thomas, 342 Ill. App.3d 382, 794 N.E.2d 919 (1st Dist. 2003); Jolly v. Shapiro & Kreisman, 237 F. Supp. 2d 888 (N.D. Ill. 2002); Parker v. 1-800 Bar None, a Financial Corp., Inc. 2002 WL 215530 (N.D. Ill. 2002); Jiang v. Allstate Ins. Co. (199 F.R.D. 267); Hill v. AMOCO Oil Co. 2003 WL 262424, 2001 WL 293628 (N.D. Ill. 2003); Roquet v. Arthur Anderson LLP 2002 WL 1900768 (N.D. Ill. 2002); White v. Financial Credit, Corp. 2001 WL 1665386 (N.D. Ill.); Ransom v. Gurnee Volkswagen 2001 WL 1241297

(N.D. Ill. 2001) and 2002 WL 449703 (N.D. Ill 2002); <u>Doxie v. Impac Funding Corp.</u> 2002 WL 31045387 (N.D. Ill. 2002); <u>Levin v. Kluever & Platt LLC</u> 2003 WL 22757763 and 2003 WL 22757764 (N.D. Ill. 2003); <u>Pleasant v. Risk Management Alternatives</u> 2003 WL 22175390 (N.D. Ill 2003); <u>Jenkins v. Mercantile Mortgage</u> 231 F. Supp. 2d 737 (N.D. Ill. 2002); <u>Hobson v. Lincoln Ins. Agency, Inc.</u> 2001 WL 55528, 2001 WL 648958 (N.D. Ill. 2001), <u>Anderson v. Lincoln Ins. Agency</u> 2003 WL 291928, <u>Hobson v. Lincoln Ins. Agency</u> 2003 WL 338161 (N.D. Ill. 2003).

      He is a member of the Northern District of Illinois trial bar.

        **b.**     **Julie Clark** (nee Cobolovic) is a graduate of Northern Illinois University (B.A., 1997) and DePaul University College of Law (J.D., 2000). **Reported Cases:** <u>Qualkenbush v. Harris Trust & Savings Bank</u> 219 F.Supp.2d 935 (N.D.Ill.,2002); <u>Covington-McIntosh v. Mount Glenwood Memory Gardens</u> 2002 WL 31369747 (N.D.Ill.,2002), 2003 WL 22359626 (N.D. Ill. 2003).

        **c.**     **Heather A. Kolbus** (neé Piccirilli) is a graduate of DePaul University (B.S. *cum laude*, 1997), and Roger Williams University School of Law (J.D., 2002).

        **d.**     **Albert F. Hofeld Jr.** is a graduate of Reed College (B.A., 1990), the University of Chicago Divinity School (M. Div., 1994), and Northwestern University Law School (J.D., 2000).

        **e.**     **Thomas E. Soule** is a graduate of Stanford University (B.A., 2000), and the University of Wisconsin Law School (J.D., 2003)

        **f.**     **Jeremy P. Monteiro** is a graduate of St. John's University (B.A. 1999) and DePaul University College of Law (J.D. *magna cum laude* 2003).

        **g.**     **Deborah A. Morgan** is a graduate of Sheffield (England) University (B.A. with honors 1989), University of Oregon (M.A. 1995), and American University, Washington College of Law (J.D. *summa cum laude* 2006).

        **h.**     **Alexia M. Bratis** is a graduate of Macalester College (B.A. 2002) and Chicago-Kent College of Law (J.D. 2006).

        **i.**     **Cassandra P. Miller** is a graduate of the University of Wisconsin – Madison (B.A. 2001) and John Marshall Law School (J.D. 2006).

        **8.**     The firm also has 15 legal assistants, as well as other support staff.

        **9.**     Since its inception, the firm has recovered more than $500 million for consumers.

        **10.**    The types of cases handled by the firm are illustrated by the following:

**11.    Mortgage charges and servicing practices:** The firm has been involved in dozens of cases, mostly class actions, complaining of illegal charges on mortgages and improper servicing practices. These include MDL-899, In re Mortgage Escrow Deposit Litigation, MDL-1713, In re Bank of America ATM Fee Litigation, and MDL-1604, In re Ocwen Federal Bank FSB Mortgage Servicing Litigation, as well as the Fairbanks mortgage servicing litigation. Decisions in the firm's mortgage cases include: Christakos v. Intercounty Title Co., 196 F.R.D. 496 (N.D.Ill. 2000); Johnstone v. Bank of America, N.A., 173 F Supp.2d 809 (N.D.Ill. 2001); Leon v. Washington Mut. Bank, F.A., 164 F.Supp.2d 1034 (N.D.Ill. 2001); Williamson v. Advanta Mortg. Corp., 1999 U.S. Dist. LEXIS 16374 (N.D.Ill., Oct. 5, 1999); McDonald v. Washington Mut. Bank, F.A., 2000 U.S. Dist. LEXIS 11496 (N.D.Ill., June 22, 2000); Metmor Financial, Inc. v. Eighth Judicial District Court, No. 23848 (Nev.Sup.Ct., Apr. 27, 1993); GMAC Mtge. Corp. v. Stapleton, 236 Ill.App.3d 486, 603 N.E.2d 767 (1st Dist. 1992), leave to appeal denied, 248 Ill.2d 641, 610 N.E.2d 1262 (1993); Leff v. Olympic Fed. S. & L. Ass'n, 1986 WL 10636 (N.D.Ill. 1986); Aitken v. Fleet Mtge. Corp., 1991 U.S.Dist. LEXIS 10420 (N.D.Ill. 1991), and 1992 U.S.Dist. LEXIS 1687 (N.D.Ill., Feb. 12, 1992); Poindexter v. National Mtge. Corp., 1991 U.S.Dist. LEXIS 19643 (N.D.Ill., Dec. 23, 1991), later opinion, 1995 U.S.Dist. LEXIS 5396 (N.D.Ill., April 24, 1995); Sanders v. Lincoln Service Corp., 1993 U.S.Dist. LEXIS 4454 (N.D.Ill. 1993); Robinson v. Empire of America Realty Credit Corp., 1991 U.S.Dist. LEXIS 2084 (N.D.Ill., Feb. 20, 1991); In re Mortgage Escrow Deposit Litigation, M.D.L. 899, 1994 U.S.Dist. LEXIS 12746 (N.D.Ill., Sept. 8, 1994); Greenberg v. Republic Federal S. & L. Ass'n, 1995 U.S.Dist. LEXIS 5866 (N.D.Ill., May 1, 1995).

**12.**    The recoveries in the escrow overcharge cases alone are over $250 million. Leff was the seminal case on mortgage escrow overcharges.

**13.**    The escrow litigation had a substantial effect on industry practices, resulting in limitations on the amounts which mortgage companies held in escrow.

**14.    Bankruptcy:** The firm brought a number of cases complaining that money was being systematically collected on discharged debts, in some cases through the use of invalid reaffirmation agreements, including the national class actions against Sears and General Electric  Conley v. Sears, Roebuck, 1:97cv11149 (D.Mass); Fisher v. Lechmere Inc., 1:97cv3065, (N.D.Ill.). These cases were settled and resulted in recovery by nationwide classes. Cathleen Combs successfully argued the first Court of Appeals case to hold that a bankruptcy debtor induced to pay a discharged debt by means of an invalid reaffirmation agreement may sue to recover the payment. Bessette v. Avco Financial Services, 99-2291 (1st Cir., October 27, 2000).

**15.    Automobile sales and financing practices:** The firm has brought many cases challenging practices relating to automobile sales and financing, including:

    **a.**    Hidden finance charges resulting from pass-on of discounts on auto purchases. Walker v. Wallace Auto Sales, Inc., 155 F.3d 927, 1998 U.S. App. LEXIS 22663 (7th Cir. 1998).

**b.** Misrepresentation of amounts disbursed for extended warranties. Taylor v. Quality Hyundai, Inc., 150 F.3d 689, 1998 U.S.App. LEXIS 16434 (7th Cir. 1998); Grimaldi v. Webb, 282 Ill.App.3d 174, 668 N.E.2d 39 (1st Dist. 1996), leave to appeal denied, 169 Ill.2d 566 (1996); Slawson v. Currie Motors Lincoln Mercury, Inc., 1995 U.S.Dist. LEXIS 451 (N.D.Ill., Jan. 5, 1995); Cirone-Shadow v. Union Nissan, Inc., 1995 U.S.Dist. LEXIS 1379 (N.D.Ill., Feb. 3, 1995), later opinion, 1995 U.S.Dist. LEXIS 5232 (N.D.Ill., April 20, 1995) (same); Chandler v. Southwest Jeep-Eagle, Inc., 1995 U.S. Dist. LEXIS 8212 (N.D.Ill., June 8, 1995); Shields v. Lefta, Inc., 1995 U.S.Dist. LEXIS 7807 (N.D.Ill., June 5, 1995).

**c.** Spot delivery. Janikowski v. Lynch Ford, Inc., 1999 U.S. Dist. LEXIS 3524 (N.D.Ill., March 11, 1999); Diaz v. Westgate Lincoln Mercury, Inc., 1994 U.S.Dist. LEXIS 16300 (N.D.Ill. 1994); Grimaldi v. Webb, 282 Ill.App.3d 174, 668 N.E.2d 39 (1st Dist. 1996), leave to appeal denied, 169 Ill.2d 566 (1996).

**d.** Force placed insurance. Bermudez v. First of America Bank Champion, N.A., 860 F.Supp. 580 (N.D.Ill. 1994); Travis v. Boulevard Bank, 1994 U.S.Dist. LEXIS 14615 (N.D.Ill., Oct. 13, 1994), modified, 880 F.Supp. 1226 (N.D.Ill., 1995); Moore v. Fidelity Financial Services, Inc., 884 F. Supp. 288 (N.D.Ill. 1995).

**e.** Improper obligation of cosigners. Lee v. Nationwide Cassell, 174 Ill.2d 540, 675 N.E.2d 599 (1996); Taylor v. Trans Acceptance Corp., 267 Ill.App.3d 562, 641 N.E.2d 907 (1st Dist. 1994), leave to appeal denied, 159 Ill.2d 581, 647 N.E.2d 1017 (1995).

**f.** Evasion of FTC holder rule. Brown v. LaSalle Northwest Nat'l Bank, 148 F.R.D. 584 (N.D.Ill 1993), 820 F Supp. 1078 (N.D.Ill. 1993), and 1993 U.S.Dist. LEXIS 11419 (N.D.Ill., Aug. 13, 1993).

**16.** These cases also had a substantial effect on industry practices. The warranty cases, such as Grimaldi, Gibson, Slawson, Cirone-Shadow, Chandler, and Shields, resulted in the Federal Reserve Board's revision of applicable disclosure requirements, so as to prevent car dealers from representing that the charge for an extended warranty was being disbursed to a third party when that was not in fact the case.

**17. Predatory lending practices:** The firm has brought numerous cases challenging predatory mortgage and "payday" lending practices, mostly as class actions. Livingston v. Fast Cash USA, Inc., 753 N.E.2d 572 (Ind. Sup. Ct. 2001); Williams v. Chartwell Fin. Servs., 204 F.3d 748 (7th Cir. 2000); Parker v. 1-800 Bar None, a Financial Corp., Inc., 01 C 4488, 2002 WL 215530 (N.D.Ill., Feb. 12, 2002); Gilkey v. Central Clearing Co., 202 F.R.D. 515 (E.D.Mich. 2001); Van Jackson v. Check 'N Go of Ill., Inc., 114 F.Supp.2d 731 (N.D.Ill. 2000), later opinion, 193 F.R.D. 544 (N.D.Ill. 2000), 123 F.Supp. 2d 1079 (N.D.Ill. 2000), later opinion, 123 F.Supp. 2d 1085 (N.D.Ill. 2000); Henry v. Cash Today, Inc., 199 F.R.D. 566 (S.D.Tex. 2000); Donnelly v. Illini Cash Advance, Inc., 00 C 94, 2000 WL 1161076, 2000 U.S. Dist. LEXIS 11906

(N.D.Ill., Aug. 14, 2000); Jones v. Kunin, 2000 U.S. Dist. LEXIS 6380 (S.D.Ill., May 1, 2000); Davis v. Cash for Payday, 193 F.R.D. 518 (N.D.Ill. 2000); Reese v. Hammer Fin. Corp., 99 C 716, 1999 U.S. Dist. LEXIS 18812, 1999 WL 1101677 (N.D.Ill., Nov. 29, 1999); Pinkett v. Moolah Loan Co., 1999 U.S. Dist. LEXIS 17276 (N.D.Ill., Nov. 1, 1999); Gutierrez v. Devon Fin. Servs., 1999 U.S. Dist. LEXIS 18696 (N.D.Ill., Oct. 6, 1999); Vance v. National Benefit Ass'n, 99 C 2627, 1999 WL 731764, 1999 U.S. Dist. LEXIS 13846 (N.D.Ill., Aug. 26, 1999).

**18. Other consumer credit issues:** The firm has also brought a number of other Truth in Lending and consumer credit cases, mostly as class actions, involving such issues as:

**a.** Phony nonfiling insurance. Edwards v. Your Credit Inc., 148 F.3d 427, 1998 U.S. App. LEXIS 16818 (5th Cir. 1998); Adams v. Plaza Finance Co., 1999 U.S. App. LEXIS 1052 (7th Cir., January 27, 1999); Johnson v. Aronson Furniture Co., 1997 U.S. Dist. LEXIS 3979 (N.D. Ill., March 31, 1997).

**b.** The McCarran Ferguson Act exemption. Autry v. Northwest Premium Services, Inc., 144 F.3d 1037, 1998 U.S. App. LEXIS 9564 (7th Cir. 1998).

**c.** Loan flipping. Emery v. American General, 71 F.3d 1343 (7th Cir. 1995). Emery limited the pernicious practice of "loan flipping," in which consumers are solicited for new loans and are then refinanced, with "short" credits for unearned finance charges and insurance premiums being given through use of the "Rule of 78s."

**d.** Home improvement financing practices. Fidelity Financial Services, Inc. v. Hicks, 214 Ill.App.3d 398, 574 N.E.2d 15 (1st Dist. 1991), leave to appeal denied, 141 Ill.2d 539, 580 N.E.2d 112; Heastie v. Community Bank of Greater Peoria, 690 F.Supp. 716 (N.D.Ill. 1989), later opinion, 125 F.R.D. 669 (N.D.Ill. 1990), later opinions, 727 F.Supp. 1133 (N.D.Ill. 1990), and 727 F.Supp. 1140 (N.D.Ill. 1990). Heastie granted certification of a class of over 6,000 in a home improvement fraud case.

**e.** Arbitration clauses. Wrightson v. ITT Financial Services, 617 So.2d 334 (Fla. 1st DCA 1993).

**f.** Insurance packing. Elliott v. ITT Corp., 764 F.Supp. 102 (N.D.Ill. 1990), later opinion, 150 B.R. 36 (N.D.Ill. 1992).

**19. Automobile leases:** The firm has brought a number of a cases alleging illegal charges and improper disclosures on automobile leases, mainly as class actions. Decisions in these cases include Lundquist v. Security Pacific Automotive Financial Services Corp., Civ. No. 5:91-754 (TGFD) (D.Conn.), aff'd, 993 F.2d 11 (2d Cir. 1993); Kedziora v. Citicorp Nat'l Services, Inc., 780 F.Supp. 516 (N.D.Ill. 1991), later opinion, 844 F.Supp. 1289 (N.D.Ill. 1994), later opinion, 883 F.Supp. 1144 (N.D.Ill. 1995), later opinion, 1995 U.S.Dist. LEXIS 12137 (N.D.Ill., Aug. 18, 1995), later opinion, 1995 U.S.Dist. LEXIS 14054 (N.D.Ill., Sept. 25, 1995); Johnson v. Steven Sims

Subaru and Subaru Leasing, 1993 U.S.Dist. LEXIS 8078 (N.D.Ill., June 9, 1993), and 1993 U.S.Dist. LEXIS 11694 (N.D.Ill., August 20, 1993); McCarthy v. PNC Credit Corp., 1992 U.S Dist. LEXIS 21719 (D Conn., May 27, 1992); Kinsella v. Midland Credit Mgmt., Inc., 1992 U.S.Dist. LEXIS 1405, 1992 WL 26908 (N.D Ill. 1992); Highsmith v. Chrysler Credit Corp., 18 F 3d 434 (7th Cir. 1994); Black v. Mitsubishi Motors Credit of America, Inc., 1994 U.S.Dist LEXIS 11158 (N.D.Ill., August 10, 1994); Simon v. World Omni Leasing Inc., 146 F.R.D. 197 (S.D Ala. 1992). Settlements in such cases include Shepherd v. Volvo Finance North America, Inc., 1-93-CV-971 (N.D.Ga.)($8 million benefit); McCarthy v. PNC Credit Corp., 291 CV 00854 PCD (D.Conn.); Lynch Leasing Co. v. Moore, 90 CH 876 (Circuit Court of Cook County, Illinois) (class in auto lease case was certified for litigation purposes, partial summary judgment was entered, and case was then settled); Blank v. Nissan Motor Acceptance Corp., 91 L 8516 (Circuit Court of Cook County, Illinois); Mortimer v. Toyota Motor Credit Co., 91 L 18043 (Circuit Court of Cook County, Illinois); Duffy v. Security Pacific Automotive Financial Services, Inc., 93-729 IEG (BTM) (S.D.Cal., April 28, 1994).

      **20.**    Lundquist and Highsmith are leading cases; both held that commonly-used lease forms violated the Consumer Leasing Act. As a result of the Lundquist case, the Federal Reserve Board completely revamped the disclosure requirements applicable to auto leases, resulting in vastly improved disclosures to consumers.

      **21.**    **Collection practices:** The firm has brought a number of cases under the Fair Debt Collection Practices Act, both class and individual. Decisions in these cases include: Jenkins v. Heintz, 25 F.3d 536 (7th Cir. 1994), aff'd 115 S.Ct. 1489, 131 L.Ed.2d 395 (1995); Johnson v. Revenue Management Corp., 169 F.3d 1057, 1999 U.S. App. LEXIS 3142 (7th Cir. 1999); Keele v. Wexler & Wexler, 1996 U.S.Dist. LEXIS 3253 (N.D.Ill., March 18, 1996) (class), 1995 U.S.Dist. LEXIS 13215 (N.D.Ill. 1995) (merits), aff'd, 149 F.3d 589, 1998 U.S.App. LEXIS 15029 (7th Cir. 1998); Mace v. Van Ru Credit Corp., 109 F.3d 338, 1997 U.S.App. LEXIS 5000 (7th Cir., Mar. 17, 1997); Maguire v. Citicorp Retail Services, Inc., 147 F.3d 232, 1998 U.S.App. LEXIS 16112 (2d Cir. 1998); Young v. Citicorp Retail Services, Inc., 1998 U.S.App. LEXIS 20268 (2d Cir. 1998); Charles v. Lundgren & Assocs., P.C., 119 F.3d 739, 1997 U.S. App. LEXIS 16786 (9th Cir. 1997); Avila v. Rubin, 84 F.3d 222 (7th Cir. 1996), aff'g Avila v. Van Ru Credit Corp., 1995 U.S.Dist. LEXIS 461 (N.D.Ill., Jan. 10, 1995), later opinion, 1995 U.S.Dist. LEXIS 1502 (N.D.Ill., Feb. 6, 1995), later opinion, 1995 U.S.Dist. LEXIS 17117 (N.D.Ill., Nov. 14, 1995); Tolentino v. Friedman, 833 F.Supp. 697 (N.D.Ill. 1993), aff'd in part and rev'd in part, 46 F.3d 645 (7th Cir. 1995); Blakemore v. Pekay, 895 F.Supp.972 (N.D.Ill. 1995); Oglesby v. Rotche, 1993 U.S.Dist. LEXIS 15687 (N.D.Ill., Nov. 4, 1993), later opinion, 1994 U.S.Dist. LEXIS 4866 (N.D.Ill., April 15, 1994); Laws v. Cheslock, 1999 U.S.Dist. LEXIS 3416 (N.D.Ill., Mar. 8, 1999);Davis v. Commercial Check Control, Inc., 1999 U.S. Dist. LEXIS 1682 (N.D.Ill., Feb. 12, 1999); Hoffman v. Partners in Collections, Inc., 1993 U.S.Dist. LEXIS 12702 (N.D.Ill., Sept. 15, 1993); Vaughn v. CSC Credit Services, Inc., 1994 U.S.Dist. LEXIS 2172 (N.D.Ill., March 1, 1994), adopted, 1995 U.S Dist. LEXIS 1358 (N.D.Ill., Feb. 3, 1995); Beasley v. Blatt, 1994 U.S.Dist. LEXIS 9383 (N.D.Ill., July 14, 1994); Taylor v. Fink, 1994 U.S.Dist. LEXIS 16821 (N.D.Ill., Nov. 23, 1994); Gordon v. Fink, 1995 U.S.Dist. LEXIS 1509 (N.D.Ill., Feb. 7, 1995); Brujis v. Shaw, 876 F.Supp. 198 (N.D.Ill. 1995). Settlements in such cases include Boddie v. Meyer, 93 C 2975 (N.D.Ill.); and

Cramer v. First of America Bank Corporation, 93 C 3189 (N.D.Ill.).

22.    Jenkins v. Heintz is a leading decision regarding the liability of attorneys under the Fair Debt Collection Practices Act. I argued it before the Supreme Court and Seventh Circuit. Avila v. Rubin is a leading decision on phony "attorney letters."

23.    **Fair Credit Reporting Act:** The firm has filed numerous cases under the Fair Credit Reporting Act, primarily as class actions, alleging that lenders and automotive dealers, among others, improperly accessed consumers' credit information, without their consent and without having a purpose for doing so permitted by the FCRA. Important decisions in this area include: Cole v. U.S. Capital, Inc., 389 F.3d 719 (7th Cir. 2004), Murray v. GMAC Mortgage Corp., 434 F.3d 948 (7th Cir. 2006); Perry v. First National Bank, 459 F.3d 816 (7th Cir. 2006); Murray v. Sunrise Chevrolet, Inc., 441 F. Supp.2d 940 (N.D. Ill. 2006); Kudlicki v. Capital One Auto Finance, Inc., 2006 U.S. Dist. LEXIS 81103 (N.D. Ill., Nov. 2, 2006); Thomas v. Capital One Auto Finance, Inc., 2006 U.S. Dist. LEXIS 81358 (N.D. Ill., Oct. 24, 2006); Pavone v. Aegis Lending Corp., 2006 U.S. Dist. LEXIS 62157 (N.D. Ill., Aug. 31, 2006); Murray v. E*Trade Financial Corp., 2006 U.S. Dist. LEXIS 53945 (N.D. Ill., July 19, 2006); Bonner v. Home 123 Corp., 2006 U.S. Dist. LEXIS 37922 (N.D. Ind., May 25, 2006); Murray v. Sunrise Chevrolet , Inc., 2006 U.S. Dist. LEXIS 19626 (N.D. Ill., Mar. 30, 2006); and Murray v. Finance America, LLC, 2006 U.S. Dist. LEXIS 7349 (N.D. Ill., Jan 5, 2006).

24.    **Class action procedure:** Important decisions include Crawford v. Equifax Payment Services, Inc., 201 F.3d 877 (7th Cir. 2000); Blair v. Equifax Check Services, Inc., 181 F.3d 832 (7th Cir. 1999); Mace v. Van Ru Credit Corp., 109 F.3d 338, 344 (7th Cir. 1997); and Gordon v. Boden, 224 Ill.App.3d 195, 586 N.E.2d 461 (1st Dist. 1991).

25.    **Landlord-tenant:** The firm has brought a number of class actions against landlords for failing to pay interest on security deposits or commingling security deposits.

26.    Some of the other reported decisions in our cases include: Elder v. Coronet Ins. Co., 201 Ill.App.3d 733, 558 N.E.2d 1312 (1st Dist. 1990); Smith v. Keycorp Mtge., Inc., 151 Bankr. 870 (N.D.Ill. 1992); Gordon v. Boden, 224 Ill.App.3d 195, 586 N.E.2d 461 (1st Dist. 1991), leave to appeal denied, 144 Ill.2d 633, 591 N.E.2d 21, cert. denied, U.S. (1992); Armstrong v. Edelson, 718 F.Supp. 1372 (N.D.Ill. 1989); Newman v. 1st 1440 Investment, Inc., 1993 U.S.Dist. LEXIS 354 (N.D.Ill. 1993); Mountain States Tel. & Tel. Co. v. District Court, 778 P.2d 667 (Colo. 1989); Disher v. Fulgoni, 124 Ill.App.3d 257, 464 N.E.2d 639, 643 (1st Dist. 1984); Harman v. Lyphomed, Inc., 122 F.R.D. 522 (N.D.Ill. 1988); Haslam v. Lefta, Inc., 1992 U.S.Dist. LEXIS 3623 (N.D.Ill., March 25, 1994); Source One Mortgage Services Corp. v. Jones, 1994 U.S.Dist. LEXIS 333 (N.D.Ill., Jan. 13, 1994).

27.    Gordon v. Boden is the first decision approving "fluid recovery" in an Illinois class action. Elder v. Coronet Insurance held that an insurance company's reliance on lie detectors to process claims was an unfair and deceptive trade practice.

9

**28.** The majority of our practice is contingent fee litigation on the plaintiff's side. We I regularly represent plaintiffs in contingent fee cases in Federal Court in Illinois and Indiana, and in Illinois state courts. We frequently work with other plaintiff's lawyers who handle cases on a contingent fee basis. We are generally familiar with the range of contingent fee percentages charged by plaintiff's lawyers.

**29.** The hourly rates for the attorneys set forth below, are the same as the regular current rates charged for their services in other contingent matters in class action litigation. They are also consistent with fees charged to occasional paying clients. The firm adjusts them annually to account for inflation and increasing experience and they are consistent with the rates charged by attorneys of comparable experience and expertise in the Chicago area. The rates listed and used in this case represent rates previously approved in a number of cases plus an annual adjustment.

**30.** Examples of the approval of counsel's rates include:

**a.** Rates of $385 for Daniel A. Edelman, Cathleen M. Combs and James O. Latturner, $190 for Thomas Soule, and $100-$105 for legal assistants were approved in Smith v. American Revenue Corp., 2:04-cv-199-PRC (N.D.Ind., Oct. 24, 2005).

**b.** Rates of $425 for James O. Latturner, $190/ hour for Alex Burke were approved in Schulz v. Oxford Management, 05 C 3133 (N.D.Ill., Oct. 21, 2005), by Judge Leinenweber. His order is attached as Appendix A.

**c.** Rates of $400/hour for Daniel A. Edelman, Cathleen M. Combs and James O. Latturner, a rate of $335/hour for Tara L. Goodwin, and a rate of $190/hour for Francis R. Greene, were approved by Judge Darrah in Levin v. Kluever & Platt LLC, No. 03 C 2160 (N.D.Ill September 15, 2004)(Darrah, J.). A transcript is attached as Appendix B.

**d.** Rates of $370/hour for Daniel A. Edelman and James O. Latturner, and a rate of $210/hour for Michelle R. Teggelaar, were approved by Judge Holderman in Payton v. New Century Mortgage Co., 2004 WL 524693 (N.D. Ill. 2004).

**e.** Rates of $360/hour for Daniel A. Edelman, Cathleen M. Combs, and James O. Latturner, a rate of $310 for Tara L. Goodwin, and a rate of $200/hour for Michelle R. Teggelaar, were approved by Judge Lefkow in Johnson v. Fast Cash Advance, Inc., No. 00 C 1875 (United States District Court, Northern District of Illinois, February 25, 2003).

**f.** Rates of $350/hour for Daniel A. Edelman, Cathleen M. Combs, and James O. Latturner, a rate of $300/hour for Tara L. Goodwin, and a rate of $200/hour for Michelle R. Teggelaar and Keith J. Keogh, were approved by Judge Billik in Rentas v. Vacation Break U.S.A., No. 98 CH 02782 (Circuit Court of Cook County, May 9, 2002).

**g.** Rates of $300/hour were approved by Judge Kennelly for Daniel A. Edelman and James O. Latturner, and a rate of $275/hour for Cathleen M. Combs in <u>Hobson v. Lincoln Insurance Agency, Inc.</u>, 2002 WL 338161 (N.D. Ill. 2002). Judge Kennelly also approved rates of $150/hour for associates James S. Harkness and Charles H. Lee and $135/hour for associate Francis R. Greene.

**h.** Rates of $275 were approved by the Seventh Circuit Court of Appeals in <u>Tolentino v. Friedman</u>, 46 F.3d 645 (1995) for Mr. Edelman.

**i.** Rates of $330 for Mr. Edelman and $170 for Charles H. Lee were approved in <u>Clay v. Johnson</u>, 97 C 6007 (N.D.Ill.), for work done in 1997-1999.

**(1)** $330/ hour for Mr. Edelman and Mr. Latturner were approved by Judge Boharic in <u>Johnson v. Thomas,</u> 97 CH 10793 (Cir. Ct. Cook Co., April 24, 2001), a mortgage foreclosure action in which the borrower successfully prosecuted a Truth in Lending counterclaim through trial and rescinded the mortgage.

**(2)** Rates were approved in <u>Avila v. Van Ru Credit Corp.</u>, 1995 U.S. Dist. LEXIS 17117 (N.D.Ill., Nov. 14, 1995), <u>aff'd</u>, 84 F.3d 222 (7th Cir. 1996), as follows: Daniel A. Edelman, $275.00; Cathleen M. Combs, $235.00; James O. Latturner, $275.00.

**(3)** Edelman, Combs & Latturner was paid in excess of $25,000 by an estate in connection with a usury case using the same rates as were approved in <u>Avila</u>. <u>Stob v. F.G.L.M. Enterprises</u>, 91 L 17357 (Cir.Ct. of Cook County). All of our bills were reviewed by principal counsel for the estate, who hired us, and found unobjectionable.

**31.** In determining the rates charged by the firm charges and requests, Counsel consults surveys of rates charged by other Chicago law firms. Such surveys have been relied upon by courts in awarding fees. E.g., <u>FDIC v. Morris</u>, 1992 U.S. Dist. LEXIS 9439 (N.D. Ill., June 29, 1992); <u>Alliance to End Repression v. City of Chicago</u>, 1993 U.S. Dist. LEXIS 1972 (N.D. Ill., Feb. 22, 1993).

**32.** I am reasonably confident that the rates are accurate, based on my personal knowledge of large firm rates when I was at Kirkland & Ellis and Reuben & Proctor, my general awareness of rates in the legal community, court awards, negotiations with defendants, and discussions with other attorneys.

**33.** The rates we used are also consistent with fee awards by courts in this or other comparable areas for comparable work:

**a.** For example, in <u>Covington v. District of Columbia</u>, 839 F. Supp. 894 (D.D.C., December 13, 1993), Judge Lamberth found, on the basis of court-approved surveys of rates in the Washington, D.C., area, that it was appropriate to award $260 per hour to attorneys

11

with between 11 and 19 years experience for the time period 1992-93. He further found that it was appropriate to have an annual increment of $10 per year or, alternatively, to multiply by 103.4% in accordance with the Consumer Price Index (the result is approximately the same). He also noted that it had been relied upon by six other District Judges in the District of Columbia and the Court of Appeals for the District of Columbia Circuit. Judge Lamberth awarded current rates for all work done in the past, in lieu of making the award at the then-current rate and awarding interest on it.

        **b.**      The figures used in the <u>Covington</u> case have been updated each year by the office of the U. S. Attorney for the District of Columbia. The updated figures (through 2006) are in the chart attached as <u>Appendix C</u>, available on the Internet site of the U. S Attorney's office ("Laffey Matrix", after <u>Laffey v. Northwest Airlines, Inc.</u>, 572 F.Supp. 354 (D.D.C. 1983).

        **c.**      The use of the Laffey Matrix has been either expressly or implicitly approved by the courts in the Northern District and within the Seventh Circuit, at a minimum as a guide for adjusting attorney fee rates based on experience and cost of living increases. <u>See</u> <u>Arch v. Glendale Nissan</u>, 2005 WL 1421140, *1 (N.D. Ill. 2005); <u>Samuel v. Barnhart</u>, 316 F.Supp.2d 768, 781-82 (E.D. Wis. 2004); <u>Sadler v. Barnhart</u>, 2004 WL 419908, *3 (N.D. Ill. 2004); <u>Covington-McIntosh v. Mount Glenwood Memory Gardens South, Inc.</u>, 2004 WL 2700482, *4 (N.D. Ill. 2004); <u>Embry v. Barnhart</u>, 2003 WL 22478769, *2 (N.D. Ill. 2003). See also <u>In re HPL Technologies, Inc. Securities Litigation</u>, 366 F.Supp.2d 912, 921 (N.D. Cal. 2005) (adjusting the Laffey Matrix rates higher, to account for a higher cost of living in the San Francisco Bay area).

        **d.**      The last case is instructive insofar it shows that the Laffey Matrix\ is applicable to the Chicago area. As explained in <u>HPL Technologies</u>, one must compare market rates to comparable market rates. The issue becomes, whether market rates in the D.C. area, which, in part, are based on the cost of living, are comparable to the market rates in Chicago. Based on the locality pay differentials within the federal courts, which may be found at http://www.opm.gov/oca/05tables/indexGS.asp (Office of Personnel Management webpage), the court in <u>HPL Technologies</u> increased the rates for the San Francisco by 9%, because the locality pay differentials were +15.98% for the Washington-Baltimore area, and +26.39% for the San Francisco-Oakland-San Jose area.

        **e.**      The locality pay differential for Chicago is +19.70%, versus +15.98% for the D.C. area. See **Appendices D and E** (relevant pages from the Office of Personnel Management locality pay differentials). Thus, to account for a higher cost of living in Chicago, as compared to Washington, D.C., the Laffey Matrix rates should be adjusted upward 4%.

        **f.**      In <u>Alliance to End Repression v. City of Chicago</u>, 1993 U.S.Dist. LEXIS 1972 (N.D Ill., Feb. 22, 1993), then-Magistrate Judge Gottschall approved rates for experienced litigators in a civil rights case of $225 in 1991 and $250 in 1992.

        **g.**      In <u>Lewis v. General Employment Enterprises, Inc.</u>, 1992 U.S.Dist. LEXIS 5464 (N.D.Ill., April 14, 1992), Judge Rovner approved rates for experienced litigators of

$195, $200 and $300 for work done in 1991-92, in a case that was "not particularly difficult or risky".

      **h.**    In <u>Spicer v. Chicago Board Options Exchange</u>, 844 F.Supp. 122 (N.D.Ill. 1993), Judge Will found appropriate rates of $275 and $240 to the partners in a small firm with a practice somewhat comparable to our own, $100-120 for junior associates, $140 and $150 for associates with some experience, and $65 and $70 for legal assistants.

      **34.**    The usual rates which I and the others in my firm charge fee-paying clients are as follows:

      **a.**    Daniel Edelman, Cathleen Combs, and James Latturner (partners): $550 an hour;

      **b.**    Tara Goodwin (partner): $450 an hour;

      **c.**    Michelle R. Teggelaar (partner): $400 an hour;

      **d.**    Associates: $190-280 an hour (based on experience); and

      **e.**    Paralegals: $100-$120 an hour (based upon experience).

      **35.**    All attorneys and legal assistants in my firm are required to and do in fact keep track of their time on a contemporaneous basis, on computer. Everyone enters their time into a computer program, by case number. The computer system automatically sorts the entries by case and generates totals. Expenses are entered into the same computer program as they are incurred. The printouts for this case are attached as <u>Appendix F</u>.

                                s/Daniel A. Edelman
                                Daniel A. Edelman

EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

K:\general\daefee declaration with associates 12 20 05.wpd

# APPENDIX A

Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 05 C 3133 | DATE | October 21, 2005 |
| CASE TITLE | Daniel Schultz vs. Oxford Mgmt. Servs., Inc. | | |

DOCKET ENTRY TEXT:

Plaintiff's Motion for Attorneys' Fees and Costs [14-1] is **granted**.  The Court awards Plaintiff $2427.07, which includes $2108.00 in attorneys' fees and $319.07 in costs.

☑ [ For further details see text below ]

Docketing to mail notices

---

## STATEMENT

On July 12, 2005, the Court entered judgment in favor of Plaintiff pursuant to Defendant's Rule 68 Offer of Judgment in this Fair Debt Collection Practices Act ("FDCPA") case.  Thereafter, the parties engaged in discussions to determine the amount of Plaintiff's reasonable attorneys' fees and costs.  The discussions broke down over a few discrete points of contention -- such as $9.07 in postage and $40.00 for a process server -- and Plaintiff filed the present Motion for Attorneys' Fees and Costs on August 31, 2005.  The Court gave Defendant until September 28, 20005 to respond to Plaintiff's motion [16-1].  Defendant failed to file a response or other objection.  For the following reasons, Plaintiff's motion is **granted**.

District courts have discretion in determining to what extent prevailing parties may be awarded costs.  *See Weeks v. Samsung Heavy*

## STATEMENT

*Indus. Co., Ltd.*, 126 F.3d 926, 945 (7th Cir. 1997) (citing 28 U.S.C. § 1920; Fed. R. Civ. P. 54(d)). Under the FDCPA, a prevailing party is also entitled to reasonable attorney's fees as part of costs. *Zagorski v. Midwest Billing Servs., Inc.*, 128 F.3d 1164, 1165-66 (7th Cir. 1997) (citing 15 U.S.C. § 1692k(a)(3); 42 U.S.C. § 1988(b)). For Plaintiff to recover its costs, the Court must find that the expenses are reasonable. *See Deimer v. Cincinnati Sub-Zero Products, Inc.*, 58 F.3d 341, 345 (7th Cir. 1995).

Plaintiff seeks $2108.00 in attorneys' fees and $319.07 in costs. These fees and costs include the time spent on the case prior to the Court's entry of judgment and the additional time spent negotiating and filing the present motion for fees and costs. The Court finds the request for fees and costs wholly reasonable in light of Plaintiff's demonstrated good faith attempts to come to an agreement over the appropriate amount for fees and costs. (*See* Mtn., Exhs.) Plaintiff's fee request is reasonable both in the time frame and hourly rate, which was calculated using the accepted "lodestar" method. (*Id.*, Appx. A). The costs are reasonable both in content and in scope, which is limited to only reimbursement requests for the time frame prior to the Court's entry of judgment.

Defendant's unwillingness to come to an agreement because of their objections over postage, process server, and photocopying charges totaling less than $100.00 is patently unreasonable. Plaintiff even offered to cut their photocopying charges by more than half, from $43.54 to $20.00, and informed Defendant that if the parties could not reach an agreement, then Plaintiff would seek additional fees for time spent on

## STATEMENT

the present motion. (*Id.*, Exh. B). Further, Defendant's suggestion during the negotiations "that the Court should refuse to award any costs because the complaint was frivolous" is wholly unwarranted and contradicts Defendant's Offer of Judgment to pay reasonable fees and costs. (*Id.* ¶ 9 & Exh. B).

Accordingly, the Court **grants** Plaintiff's motion and awards Plaintiff $2427.07, which includes $2108.00 in attorneys' fees and $319.07 in costs (which discounts the photocopying charges by more than half, from $341.32 to $319.17 total costs).

# APPENDIX B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ALLEN LEVIN,                               )  No. 03 C 2160
                                           )
                    Plaintiff,             )  Chicago, Illinois
                                           )  September 15, 2004
          v.                               )  9:45 a.m.
                                           )
KLUEVER & PLATT, LLC,                      )  Fairness Hearing
                                           )
                    Defendant.             )
                                           )
                                           )

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE JOHN W. DARRAH

APPEARANCES:

For the Plaintiff:        EDELMAN, COMBS, LATTURNER
                          & GOODWIN, LLC, by
                          MR. FRANCIS RICHARD GREENE
                          120 South LaSalle Street - 18th Floor
                          Chicago, Illinois 60603

For the Defendant:        HINSHAW & CULBERTSON, by
                          MR. DAVID MATTHEW SCHULTZ
                          222 North LaSalle Street - Suite 300
                          Chicago, Illinois 60601


Valarie Harris Ramsey - Official Court Reporter
219 South Dearborn Street - Room 1212
Chicago, Illinois 60604
(312) 435-6891

1    THE CLERK:   03 C 2160, Levin versus Kluever & Platt.

2    MR. GREENE:   Good morning, Your Honor.   Francis

3    Greene for the plaintiff.

4    THE COURT:   Good morning, Mr. Greene.

5    MR. SCHULTZ:   David Schultz for defendant.

6    THE COURT:   Good morning, Mr. Schultz.

7    I'm sorry for the delay, counsel.

8    I had looked at this.  I reviewed the -- I read the

9    memorandum in support of the settlement agreement.  I looked

10   at the settlement agreement itself.  And you've also attached

11   a proposed order and additional material supporting the prayed

12   for relief as to attorney's fees and the like.

13   The final order I find is fair and reasonable, and I

14   find that the appropriate notice has been provided.  I find

15   that the class is appropriate pursuant to Rule 23.  I will

16   approve the terms and conditions of the settlement agreement,

17   and I find that the agreement was made in good faith and is a

18   fair resolution of the dispute between the parties.

19   Specifically as to the issue of attorney's fees, I

20   find that the amount prayed for, that's $19,500, is fairly

21   supported by the material attached in support of the prayer

22   for fees.  I find that the amount of fees as well as the

23   proposed hourly rate is fair and reasonable and is consistent

24   with a matter of this nature in this community.  And,

25   therefore, I will enter an order of final approval.

1   You've prepared a proposed order and attached it to
2   an exhibit. Shall I just use this order, or do you have a
3   clean one?

4       MR. GREENE: There are actually kind of two small
5   points that Your Honor needs to decide and then -- because the
6   final order that I submitted kind of gives two different
7   options. One issue is we -- under the settlement agreement,
8   Mr. Levin, the plaintiff, is going to get a thousand dollars.
9   We've asked for an additional 500 hundred dollars for his
10  services as a class representative.

11      THE COURT: I see. And I'm going to award 1500.
12  I'll award the additional 500.

13      MR. SCHULTZ: Can I comment to that, Your Honor?

14      THE COURT: Sure. Lets hear an argument on $500. Go
15  ahead. No, go ahead.

16      MR. SCHULTZ: Either the class will get 6,000 or will
17  get 5500, so it's taking something from the class, and the
18  statute says that what the court can award is a thousand, 69
19  2K.

20      THE COURT: Is that right, Mr. Greene, that I don't
21  have the authority to award in excess of a thousand?

22      MR. GREENE: For his statutory damages.

23      THE COURT: What's the authority, then, for the
24  additional 500 bucks?

25      MR. GREENE: The authority is this is just something

1  that's done, I mean.

2        THE COURT:  Then I will amend what I said a moment

3  ago and award one thousand dollars.

4        What's the other difficulty in the order?

5        MR. GREENE:  259 claim forms were received on a

6  timely basis.  There were 21 that were received after the due

7  date, and we're requesting that those 21 claim forms that were

8  received that were untimely be deemed timely and that they --

9        THE COURT:  Any objection to that?

10        MR. SCHULTZ:  No objection.

11        THE COURT:  I think that's fair and will deem the

12  additional 21 claims to be deemed as having been received in a

13  timely fashion.

14        MR. GREENE:  In light of Your Honor's rulings, maybe

15  what I'll do is just bring a revised order later in the day.

16        THE COURT:  Okay.  Thanks.

17        MR. GREENE:  Thank you.

18        MR. SCHULTZ:  Thank you.

19        *   *   *   *   *   *   *

20        C E R T I F I C A T E

21

22        I hereby certify that the foregoing is a true and

23  correct transcript of the above-entitled matter.

24

25  _____       _10/1/0√_____

    Official Court Reporter             Date

APPENDIX C



## LAFFEY MATRIX 2003 - 2006

Years (Rate for June 1 - May 31. based on prior year's CPI-U)

| Experience | 03-04 | 04-05 | 05-06 |
|---|---|---|---|
| 20+ years | 380 | 390 | 405 |
| 11-19 years | 335 | 345 | 360 |
| 8-10 years | 270 | 280 | 290 |
| 4-7 years | 220 | 225 | 235 |
| 1-3 years | 180 | 185 | 195 |
| Paralegals & Law Clerks | 105 | 110 | 115 |

Navigation (left sidebar): HOME, U.S. ATTORNEY, ABOUT US, DIVISIONS, COMMUNITY PROSECUTION, PROGRAMS FOR YOUTH, VICTIM WITNESS ASSISTANCE, PARTNERSHIPS, PRESS RELEASES, EMPLOYMENT, ESPANOL, CONTACT US, LINKS, SITE MAP

### Explanatory Notes

1   This matrix of hourly rates for attorneys of varying experience levels and paralegals/law clerks has been prepared by the Civil Division of the United States Attorney's Office for the District of Columbia. The matrix is intended to be used in cases in which a "fee-shifting" statute permits the prevailing party to recover "reasonable" attorney's fees  See, e g , 42 U S.C  § 2000e-5(k) (Title VII of the 1964 Civil Rights Act); 5 U S C  § 552(a)(4)(E) (Freedom of Information Act); 28 U S.C  § 2412 (b) (Equal Access to Justice Act)  The matrix does not apply in cases in which the hourly rate is limited by statute  See 28 U S C  § 2412(d)

2   This matrix is based on the hourly rates allowed by the District Court in *Laffey v  Northwest Airlines, Inc* , 572 F  Supp  354 (D D C. 1983), *aff'd in part, rev'd in part on other grounds*, 746 F 2d 4 (D C  Cir  1984), *cert  denied*, 472 U S  1021 (1985)  It is commonly referred to by attorneys and federal judges in the District of Columbia as the "Laffey Matrix" or the "United States Attorney's Office Matrix "  The column headed "Experience" refers to the years following the attorney's graduation from law school  The various "brackets" are intended to correspond to "junior associates" (1-3 years after law school graduation), "senior associates" (4-7 years), "experienced federal court litigators" (8-10 and 11-19 years), and "very experienced federal court litigators" (20 years or more)  See *Laffey*, 572 F  Supp  at 371

3   The hourly rates approved by the District Court in *Laffey* were for work done principally in 1981-82. The Matrix begins with those rates  See *Laffey*, 572 F  Supp  at 371 (attorney rates) & 386 n 74 (paralegal and law clerk rate)  The rates for subsequent yearly periods were determined by adding the change in the cost of living for the Washington, D C. area to the applicable rate for the prior year, and then rounding to the nearest multiple of $5 (up if within $3 of the next multiple of $5)  The result is subject to adjustment if appropriate to ensure that the relationship between the highest rate and the lower rates remains reasonably constant  Changes in the cost of living are measured by the Consumer Price Index for All Urban Consumers (CPI-U) for Washington-Baltimore, DC-MD-VA-WV, as announced by the Bureau of Labor Statistics for May of each year

4   Use of an updated *Laffey* Matrix was implicitly endorsed by the Court of Appeals in *Save Our Cumberland Mountains v  Hodel*, 857 F 2d 1516, 1525 (D C  Cir  1988) (en banc)  The Court o



Appeals subsequently stated that parties may rely on the updated *Laffey* Matrix prepared by the United States Attorney's Office as evidence of prevailing market rates for litigation counsel in the Washington, D.C. area  See *Covington v. District of Columbia*, 57 F 3d 1101, 1105 & n 14, 1109 (D C Cir 1995), *cert. denied.* 516 U S. 1115 (1996)  Lower federal courts in the District of Columbia have used this updated *Laffey* Matrix when determining whether fee awards under fee-shifting statutes are reasonable  *See, e g , Blackman v District of Columbia*, 59 F Supp 2d 37, 43 (D.D C 1999); *Jefferson v Milvets System Technology, Inc.*, 986 F Supp 6, 11 (D D C 1997); *Ralph Hoar & Associates v Nat'l Highway Transportation Safety Admin*, 985 F. Supp 1, 9-10 n 3 (D D C 1997); *Martini v. Fed Nat'l Mtg Ass'n*, 977 F Supp 482, 485 n 2 (D D C 1997); *Park v Howard University*, 881 F Supp 653, 654 (D D C 1995)

# APPENDIX D

## SALARY TABLE 2005-CHI

INCORPORATING THE 2.50% GENERAL SCHEDULE INCREASE AND A LOCALITY PAYMENT OF 19.70%

FOR THE LOCALITY PAY AREA OF CHICAGO-NAPERVILLE-MICHIGAN CITY, IL-IN-WI

(TOTAL INCREASE: 3.75%)

(See http://www.opm.gov/oca/05tables/locdef.asp for definitions of locality pay areas.)

EFFECTIVE JANUARY 2005

Hourly Basic (B) Rates by Grade and Step

Hourly Overtime (O) Rates by Grade and Step

| GRADE | B/O | STEP 1 | STEP 2 | STEP 3 | STEP 4 | STEP 5 | STEP 6 | STEP 7 | STEP 8 | STEP 9 | STEP 10 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| GS-1 | B | 9.19 | 9.48 | 9.80 | 10.10 | 10.41 | 10.59 | 10.89 | 11.19 | 11.21 | 11.49 |
|  | O | 13.79 | 14.24 | 14.70 | 15.15 | 15.62 | 15.89 | 16.34 | 16.79 | 16.82 | 17.24 |
| 2 | B | 10.33 | 10.57 | 10.92 | 11.21 | 11.33 | 11.66 | 12.00 | 12.33 | 12.66 | 13.00 |
|  | O | 15.50 | 15.86 | 16.38 | 16.82 | 17.00 | 17.49 | 18.00 | 18.50 | 18.99 | 19.50 |
| 3 | B | 11.27 | 11.64 | 12.02 | 12.40 | 12.77 | 13.15 | 13.52 | 13.90 | 14.27 | 14.65 |
|  | O | 16.91 | 17.46 | 18.03 | 18.60 | 19.16 | 19.73 | 20.28 | 20.85 | 21.41 | 21.98 |
| 4 | B | 12.66 | 13.07 | 13.49 | 13.91 | 14.34 | 14.76 | 15.18 | 15.60 | 16.02 | 16.44 |
|  | O | 18.99 | 19.61 | 20.24 | 20.87 | 21.51 | 22.14 | 22.77 | 23.40 | 24.03 | 24.66 |
| 5 | B | 14.15 | 14.63 | 15.10 | 15.57 | 16.04 | 16.51 | 16.99 | 17.46 | 17.93 | 18.40 |
|  | O | 21.23 | 21.95 | 22.65 | 23.36 | 24.06 | 24.77 | 25.49 | 26.19 | 26.90 | 27.60 |
| 6 | B | 15.76 | 16.30 | 16.83 | 17.35 | 17.88 | 18.41 | 18.93 | 19.46 | 19.90 | 20.51 |
|  | O | 23.67 | 24.45 | 25.25 | 26.03 | 26.82 | 27.62 | 28.40 | 29.19 | 29.97 | 30.77 |
| 7 | B | 17.53 | 18.12 | 18.70 | 19.29 | 19.87 | 20.45 | 21.04 | 21.62 | 22.21 | 22.79 |
|  | O | 26.30 | 27.18 | 28.05 | 28.94 | 29.81 | 30.68 | 31.56 | 32.43 | 33.32 | 34.19 |
| 8 | B | 19.42 | 20.06 | 20.71 | 21.36 | 22.00 | 22.65 | 23.30 | 23.94 | 24.59 | 25.24 |
|  | O | 29.13 | 30.09 | 31.07 | 32.04 | 33.00 | 33.98 | 34.95 | 35.43 | 35.43 | 35.43 |
| 9 | B | 21.45 | 22.16 | 22.87 | 23.59 | 24.30 | 25.02 | 25.73 | 26.45 | 27.16 | 27.88 |
|  | O | 32.18 | 33.24 | 34.31 | 35.39 | 35.43 | 35.43 | 35.43 | 35.43 | 35.43 | 35.43 |
| 10 | B | 23.62 | 24.40 | 25.19 | 25.98 | 26.77 | 27.55 | 28.34 | 29.13 | 29.92 | 30.70 |
|  | O | 35.43 | 35.43 | 35.43 | 35.43 | 35.43 | 35.43 | 35.43 | 35.43 | 35.43 | 35.43 |
| 11 | B | 25.95 | 26.81 | 27.68 | 28.54 | 29.41 | 30.27 | 31.14 | 32.00 | 32.87 | 33.73 |
|  | O | 35.43 | 35.43 | 35.43 | 35.43 | 35.43 | 35.43 | 35.43 | 35.43 | 35.43 | 35.43 |
| 12 | B | 31.10 | 32.14 | 33.17 | 34.21 | 35.24 | 36.28 | 37.32 | 38.35 | 39.39 | 40.43 |
|  | O | 35.43 | 35.43 | 35.43 | 35.43 | 35.43 | 35.43 | 35.43 | 35.43 | 35.43 | 35.43 |
| 13 | B | 36.98 | 38.21 | 39.45 | 40.68 | 41.91 | 43.14 | 44.38 | 45.61 | 46.84 | 48.07 |
|  | O | 35.43 | 35.43 | 35.43 | 35.43 | 35.43 | 35.43 | 35.43 | 35.43 | 35.43 | 35.43 |
| 14 | B | 43.70 | 45.16 | 46.61 | 48.07 | 49.53 | 50.98 | 52.44 | 53.90 | 55.36 | 56.81 |
|  | O | 35.43 | 35.43 | 35.43 | 35.43 | 35.43 | 35.43 | 35.43 | 35.43 | 35.43 | 35.43 |
| 15 | B | 51.40 | 53.12 | 54.83 | 56.55 | 58.26 | 59.97 | 61.69 | 63.40 | 65.11 | 66.83 |
|  | O | 35.43 | 35.43 | 35.43 | 35.43 | 35.43 | 35.43 | 35.43 | 35.43 | 35.43 | 35.43 |

NOTE: Locality rates of pay are basic pay only for certain purposes—see "Salary Tables for 2005" cover sheet.

# APPENDIX E

## SALARY TABLE 2005-DCB

INCORPORATING THE 2.50% GENERAL SCHEDULE INCREASE AND A LOCALITY PAYMENT OF 15.98%
FOR THE LOCALITY PAY AREA OF WASHINGTON-BALTIMORE-NORTHERN VIRGINIA, DC-MD-PA-VA-WV
(See http://www.opm.gov/oca/05tables/locdef.asp for definitions of locality pay areas.)
(TOTAL INCREASE: 3.71%)
EFFECTIVE JANUARY 2005

Hourly Basic (B) Rates by Grade and Step
Hourly Overtime (O) Rates by Grade and Step

| GRADE | B/O | STEP 1 | STEP 2 | STEP 3 | STEP 4 | STEP 5 | STEP 6 | STEP 7 | STEP 8 | STEP 9 | STEP 10 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| GS-1 | B | 8.90 | 9.20 | 9.49 | 9.79 | 10.08 | 10.26 | 10.55 | 10.84 | 11.06 | 11.13 |
|  | O | 13.35 | 13.80 | 14.24 | 14.69 | 15.12 | 15.39 | 15.83 | 16.26 | 16.59 | 16.70 |
| 2 | B | 10.01 | 10.24 | 10.58 | 10.86 | 10.98 | 11.30 | 11.62 | 11.95 | 12.27 | 12.59 |
|  | O | 15.02 | 15.36 | 15.87 | 16.29 | 16.47 | 16.95 | 17.43 | 17.93 | 18.41 | 18.89 |
| 3 | B | 10.92 | 11.28 | 11.65 | 12.01 | 12.37 | 12.74 | 13.10 | 13.47 | 13.83 | 14.19 |
|  | O | 16.38 | 16.92 | 17.48 | 18.02 | 18.56 | 19.11 | 19.65 | 20.21 | 20.75 | 21.29 |
| 4 | B | 12.26 | 12.67 | 13.07 | 13.48 | 13.89 | 14.30 | 14.71 | 15.12 | 15.52 | 15.93 |
|  | O | 18.39 | 19.01 | 19.61 | 20.22 | 20.84 | 21.45 | 22.07 | 22.68 | 23.28 | 23.90 |
| 5 | B | 13.71 | 14.17 | 14.63 | 15.09 | 15.54 | 16.00 | 16.46 | 16.92 | 17.37 | 17.83 |
|  | O | 20.57 | 21.26 | 21.95 | 22.64 | 23.31 | 24.00 | 24.69 | 25.38 | 26.06 | 26.75 |
| 6 | B | 15.29 | 15.80 | 16.31 | 16.82 | 17.32 | 17.83 | 18.34 | 18.85 | 19.36 | 19.87 |
|  | O | 22.94 | 23.70 | 24.47 | 25.23 | 25.98 | 26.75 | 27.51 | 28.28 | 29.04 | 29.81 |
| 7 | B | 16.99 | 17.55 | 18.12 | 18.69 | 19.25 | 19.82 | 20.38 | 20.95 | 21.52 | 22.08 |
|  | O | 25.49 | 26.33 | 27.18 | 28.04 | 28.88 | 29.73 | 30.57 | 31.43 | 32.28 | 33.12 |
| 8 | B | 18.81 | 19.44 | 20.07 | 20.69 | 21.32 | 21.95 | 22.57 | 23.20 | 23.83 | 24.45 |
|  | O | 28.22 | 29.16 | 30.11 | 31.04 | 31.98 | 32.93 | 33.86 | 34.32 | 34.32 | 34.32 |
| 9 | B | 20.78 | 21.47 | 22.16 | 22.86 | 23.55 | 24.24 | 24.93 | 25.63 | 26.32 | 27.01 |
|  | O | 31.17 | 32.21 | 33.24 | 34.29 | 34.32 | 34.32 | 34.32 | 34.32 | 34.32 | 34.32 |
| 10 | B | 22.88 | 23.64 | 24.41 | 25.17 | 25.93 | 26.70 | 27.46 | 28.22 | 28.99 | 29.75 |
|  | O | 34.32 | 34.32 | 34.32 | 34.32 | 34.32 | 34.32 | 34.32 | 34.32 | 34.32 | 34.32 |
| 11 | B | 25.14 | 25.98 | 26.82 | 27.65 | 28.49 | 29.33 | 30.17 | 31.01 | 31.84 | 32.68 |
|  | O | 34.32 | 34.32 | 34.32 | 34.32 | 34.32 | 34.32 | 34.32 | 34.32 | 34.32 | 34.32 |
| 12 | B | 30.13 | 31.14 | 32.14 | 33.14 | 34.15 | 35.15 | 36.16 | 37.16 | 38.17 | 39.17 |
|  | O | 34.32 | 34.32 | 34.32 | 34.32 | 34.32 | 35.15 | 36.16 | 37.16 | 38.17 | 39.17 |
| 13 | B | 35.83 | 37.03 | 38.22 | 39.41 | 40.61 | 41.80 | 43.00 | 44.19 | 45.39 | 46.58 |
|  | O | 35.83 | 37.03 | 38.22 | 39.41 | 40.61 | 41.80 | 43.00 | 44.19 | 45.39 | 46.58 |
| 14 | B | 42.34 | 43.75 | 45.17 | 46.58 | 47.99 | 49.40 | 50.81 | 52.22 | 53.63 | 55.05 |
|  | O | 42.34 | 43.75 | 45.17 | 46.58 | 47.99 | 49.40 | 50.81 | 52.22 | 53.63 | 55.05 |
| 15 | B | 49.81 | 51.47 | 53.13 | 54.79 | 56.45 | 58.11 | 59.77 | 61.43 | 63.09 | 64.75 |
|  | O | 49.81 | 51.47 | 53.13 | 54.79 | 56.45 | 58.11 | 59.77 | 61.43 | 63.09 | 64.75 |

NOTE: Locality rates of pay are basic pay only for certain purposes--see "Salary Tables for 2005" cover sheet.



APPENDIX F

Edelman, Combs, Latturner & Goodwin LLC
120 S. LaSalle St, 18th Floor
Chicago, IL 60603-3403

15426 West 167th Street                                           Date:  2/02/2007
Lockport, IL 60441

Regarding:  BRUNO CUSAMANO MONTESI TATAGLIA PALMINA &
Invoice No:  8

### Services Rendered

| Date | Staff | Description | Hours | Rate | Charges |
|------|-------|-------------|-------|------|---------|
| 4/17/2006 | JB | Research BK Court Records for DAE | 0.20 | $105.00 | $21.00 |
| 6/13/2006 | DAE | investigation re: defendant, prepare complaint | 1.00 | $550.00 | $550.00 |
| 6/13/2006 | MRT | review complaint, assign to ahb, check sol | 0.20 | $400.00 | $80.00 |
| 6/15/2006 | AS | Draft letter, mail complaint to client, file | 0.20 | $100.00 | $20.00 |
| 7/05/2006 | AHB | review file, call client, leave message | 0.20 | $250.00 | $50.00 |
| 7/13/2006 | AHB | call client | 0.10 | $250.00 | $25.00 |
| 7/13/2006 | AHB | receive call from client's friend, telling me that he will call later today | 0.10 | $250.00 | $25.00 |
| 7/26/2006 | JOL | work on complaint; conf dae  OK | 0.30 | $550.00 | $165.00 |
| 7/27/2006 | MI | prep complaint w MB for filing | 0.50 | $120.00 | $60.00 |
| 7/28/2006 | EK | dft summons | 0.20 | $100.00 | $20.00 |
| 7/28/2006 | MB | assem cmplt filed apps cmplt summos ccs | 1.00 | $90.00 | $90.00 |
| 8/11/2006 | JS | prep ret'd summons for efiling | 0.20 | $90.00 | $18.00 |
| 8/11/2006 | JS | efiled ret'd summons | 0.20 | $90.00 | $18.00 |
| 9/18/2006 | AHB | discuss settlement with t Goodwin and D Edelman | 0.50 | $250.00 | $125.00 |

| | | | | | |
|---|---|---|---|---|---|
| 10/05/2006 | JC | Updated Contact List | 0.30 | $90.00 | $27.00 |
| 10/11/2006 | JC | Prepped Courtesy Copy for Judge | 0.20 | $90.00 | $18.00 |
| 10/11/2006 | JC | Filed Inital Status Report | 0.50 | $90.00 | $45.00 |
| 10/24/2006 | JC | Docketed Minute Entry | 0.10 | $90.00 | $9.00 |
| 12/14/2006 | JC | Docketed Motion for Entry of Default | 0.20 | $100.00 | $20.00 |
| 12/28/2006 | AHB | go to court for motion to default. wait in court room only to find out judge isn't hearing motions this week. need to renotice motion | 0.80 | $250.00 | $200.00 |
| 1/02/2007 | CMC | rev file for status | 0.50 | $550.00 | $275.00 |
| 1/11/2007 | CMC | conf w AMBre: mot for default | 0.10 | $550.00 | $55.00 |
| 1/15/2007 | AMB | needed to figure out whether we filed a mtn for default and what the status is of the case, looked it up using pacer, talked to CC, | 0.40 | $230.00 | $92.00 |
| 1/19/2007 | MRT | prepare for court app/review motion, check court calendar, call court re: issue w/notice date, memo to JC re: defective notice/need to re-file on correct date | 0.40 | $400.00 | $160.00 |
| 1/22/2007 | JC | docketed Renotice of Motion for Entry of Default and Set Prove-up | 0.10 | $100.00 | $10.00 |
| 1/25/2007 | MRT | review motion, appear on motion before andersen, draft court appearance status report | 0.70 | $400.00 | $280.00 |
| 1/29/2007 | AMB | Talked to MRT about a prove-up for our MTN to dismiss printed out our bill to date, reviewed it | 0.40 | $230.00 | $92.00 |
| 1/30/2007 | AMB | Drafted the order to accompany the motion | 0.50 | $230.00 | $115.00 |
| 1/30/2007 | AMB | drafted motion to prove-up. Talked to TES to get an example. Referred to the file to collect appropriate facts. Also used fees/costs printout to enter in correct figures. Got feedback/corrections from MRT, made those corrections | 1.30 | $230.00 | $299.00 |

| 1/30/2007 | JC | Prepped Motion to Withdraw | 0 30 | $100 00 | $30 00 |
|-----------|------|-----------------------------|------|---------|--------|
| 1/30/2007 | MRT | review revised motion from amb | 0 20 | $400 00 | $80 00 |
| 2/01/2007 | AMB | finished drafting prove-up  Talked to MRT, made her corrections, talked to DAE Made his corrections and finalized the draft | 0 50 | $230 00 | $115 00 |
| 2/01/2007 | MRT | review revised mtn for judgment | 0 30 | $400.00 | $120 00 |

|  |  |  |  | Total Fees | $3,309 00 |
|--|--|--|--|------------|-----------|

*Expenses*

| Start Date | Description | Charges |
|------------|-------------|---------|
| 6/15/2006 | Postage | $0 63 |
| 6/15/2006 | Fax | $2 00 |
| 6/18/2006 | Phone charge | $0 02 |
| 6/28/2006 | Postage | $0 63 |
| 7/18/2006 | Phone charge | $0 12 |
| 7/26/2006 | Fax | $1 75 |
| 7/27/2006 | Filing Fee | $350 00 |
| 8/02/2006 | Process server fee | $48 00 |
| 8/05/2006 | Overnight Delivery Charge | $15 70 |
| 8/18/2006 | Phone charge | $0 22 |
| 10/11/2006 | Postage | $0 39 |
| 10/11/2006 | Copy | $2 25 |
| 10/11/2006 | Fax | $4 00 |
| 10/23/2006 | Copy | $0 50 |
| 12/13/2006 | Postage | $5 12 |

| 12/13/2006 | Copy | $6 00 |
| 12/13/2006 | Copy | $0 50 |
| 12/13/2006 | Fax | $12 00 |
| 12/14/2006 | Copy | $0 25 |
| 12/14/2006 | Copy | $10 25 |
| 12/18/2006 | Phone charge | $0 10 |
| 1/15/2007 | Postage | $4 64 |
| 1/19/2007 | Postage | $0 39 |

Total Expenses   $465 46

Total New Charges   $3,774 46

### Staff Summary

| Name | Position | Hours | Rate | Fees |
|---|---|---|---|---|
| Alexander H  Burke | Associate | 1 70 | $250 00 | $425 00 |
| Alexia M  Bratis | Associate | 3 10 | $230 00 | $713 00 |
| Alec Smith | Paralegal | 0 20 | $100 00 | $20 00 |
| Cathleen M  Combs | Partner | 0 60 | $550 00 | $330 00 |
| Daniel A  Edelman | Partner | 1 00 | $550 00 | $550 00 |
| Emily Kulpa | Paralegal | 0 20 | $100 00 | $20 00 |
| Jeff Becker | Paralegal Supervisor | 0 20 | $105 00 | $21 00 |
| John Campbell | Paralegal | 1 10 | $90 00 | $99 00 |
| John Campbell | Paralegal | 0 60 | $100 00 | $60 00 |
| James O  Latturner | Partner | 0 30 | $550 00 | $165 00 |
| Joseph Sellers | Paralegal | 0 40 | $90 00 | $36 00 |
| Michelle Borman | Paralegal | 1 00 | $90 00 | $90 00 |
| Jonathan Miner | Paralegal | 0 50 | $120 00 | $60 00 |
| Michelle R  Teggelaar | Partner | 1 80 | $400 00 | $720 00 |

Tot Hrs:  12 70

# APPENDIX C

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| AARON SELPH,<br>　　　　　　　Plaintiff,<br><br>　　vs.<br><br>BRUNO-CUSAMANO-MONTESI-TATAGLIA-<br>PALMINA-CAPONE & ASSOCIATES, LLC,<br>　　　　　　Defendant. | )<br>)<br>)　06 C 4090<br>)<br>)　Judge Andersen<br>)<br>)　Magistrate Judge Denlow<br>)<br>) |

## ORDER

This matter having come before the Court on plaintiff's motion for entry of judgment and award of damages, with the Court being fully and otherwise advised—

IT IS HEREBY ORDERED that plaintiff's motion is GRANTED. Accordingly, the Clerk of this Court is DIRECTED to enter judgment in favor of plaintiff and against defendant, for $1,000.00, plus attorney's fees and costs of $3,774.46, pursuant to 15 U.S.C. § 1692k.

IT IS FURTHER ORDERED that the claims of putative class members, as alleged in the Complaint filed by plaintiff, are hereby DISMISSED WITHOUT PREJUDICE.

Counsel for plaintiff is DIRECTED to immediately serve upon defendant a copy of this Order, through first class and certified mail.

This matter is set for a status hearing on _____, 2007 at 9:00 a.m., Plaintiff's counsel is requested to appear before the Court to report on defendant's compliance or non-compliance with this Court's order.

SO ORDERED this _____ day of February, 2007.

ENTER:　　　　　　_____
　　　　　　　　　　Judge Andersen
　　　　　　　　　　United States District Judge
　　　　　　　　　　Northern District of Illinois